## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

TIFFANY HARLEY,

                 Plaintiff,

v.                                     CASE NO. 1:24-cv-22536-JEM

PUBLIX SUPER MARKETS, INC.,

                 Defendant.

_____/

## **DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Publix Super Markets, Inc. hereby submits its Answer, Defenses, and Affirmative Defenses, responding by corresponding paragraph numbers to each of the numbered paragraphs in Plaintiff Tiffany Harley's Complaint and Demand for Jury Trial ("Complaint"). For convenience only, Defendant uses the same headings used by Plaintiff in her Complaint.

## **INTRODUCTION**

1.     Defendant admits that Plaintiff purports to bring an action for alleged discrimination and retaliation. However, Defendant denies that it discriminated or retaliated against Plaintiff due to pregnancy, related medical conditions, or any other characteristic. Defendant denies any remaining allegations in Paragraph 1 of the Complaint.

2.     Defendant admits that Plaintiff purports to bring this action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg ("PWFA"); Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"); the Family and Medical Leave Act, 29 U.S.C. § 2612 ("FMLA"); the Florida Civil Rights Act, Fla. Stat. § 760.01 ("FCRA"); and the Miami-Dade

County Human Rights Ordinance, Miami-Dade County Code of Ordinances § 11A-26 ("MDHRO"). However, Defendant denies that it violated Title VII, the PWFA, the ADA, the FMLA, the FCRA, or the MDHRO and denies that Plaintiff is entitled to any relief.

**PARTIES**

3.      Defendant admits that Plaintiff is an individual female. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 3 of the Complaint, and therefore denies the allegation.

4.      Admitted.

5.      The allegation about which time period is relevant constitutes a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits only that Plaintiff was employed at Defendant's store located at 1100 6th Street, Miami Beach, Florida 33139 from October 23, 2021 to August 27, 2023, and denies any remaining allegations in Paragraph 5 of the Complaint.

6.      The allegations in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required.

7.      The allegations in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required.

8.      The allegations in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required.

9.      The allegations in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required.

10.      The allegations in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required.

11.     The allegations in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     The allegations in Paragraph 12 of the Complaint constitute legal conclusions to which no response is required.

## JURISDICTION AND VENUE

13.     The allegations in Paragraph 13 of the Complaint constitute legal conclusions to which no response is required.

14.     The allegations in Paragraph 14 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies that it committed unlawful employment practices, that it was or is "located" in this District for purposes of 28 U.S.C. § 1391(b), and that the events or omissions purportedly giving rise to the action occurred.

## ADMINISTRATIVE PREREQUISITES

15.     Denied.

16.     Defendant admits that a Charge of Discrimination dated October 20, 2023 (Charge No. 510-2023-09066) against Defendant was dual-filed with the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), and the Miami-Dade Commission on Human Rights ("MDCHR").  Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17.     Defendant admits that the EEOC issued a Dismissal and Notice of Rights dated June 11, 2024.  Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18.     Defendant admits that the MDCHR  issued a Dismissal of Discrimination Charge dated June 25, 2024.  Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19.     The allegations in Paragraph 19 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies those allegations.

20.     The allegations in Paragraph 20 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies those allegations.

## FACTUAL ALLEGATIONS

21.     Admitted.

22.     Defendant admits that Plaintiff became a Pharmacy Manager in October 2021. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23.     Defendant admits that Plaintiff is an individual female who was pregnant at least once. The allegation about which time period is relevant constitutes a legal conclusion to which no response is required.

24.     Denied.

25.     Denied.

26.     The allegations about which time period is relevant and about whether any conditions substantially limited major life activities constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies those allegations.

27.     The allegations about which time period is relevant and whether Plaintiff had a disability, a pregnancy-related medical condition, or a condition that substantially limits major life activities constitute legal conclusions to which no response is required.  In addition, Defendant is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies those allegations.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies those allegations.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies those allegations.

33.     Denied.

34.     Denied.

35.     Defendant admits that, in March 2022, it gave Plaintiff an approximate 3% pay raise.  Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36.     Defendant admits that, in April 2022, it changed the pay scale for the Pharmacy Manager role, which raised the minimum pay for Plaintiff's position.  Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

37.     Defendant admits that the April 2022 change in the pay scale for the Pharmacy Manager role in the market in which Plaintiff worked raised the minimum pay for Plaintiff's position to an amount higher than her pay was before the pay scale change.  Defendant denies the remaining allegations in Paragraph 37 of the Complaint.

38.     Denied.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 39 of the Complaint relating to what Plaintiff "believed," and

therefore denies that allegation.  Defendant denies that it did not give Plaintiff a higher pay increase due to any pregnancy or pregnancy-related leave requests.

40.     Defendant admits that George Phelan, an individual male employed by Defendant as a Pharmacy Supervisor, met with Plaintiff and discussed Plaintiff's pay rate.  Defendant denies any remaining allegations in Paragraph 40 of the Complaint.

41.     Defendant admits that George Phelan supervised Plaintiff.   The remaining allegations in Paragraph 41 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.

42.     Denied.

43.     Denied.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and therefore denies those allegations.

45.     Denied.

46.     Defendant admits that Plaintiff submitted a medical certification form purportedly completed by her physician to Jamilie Acosta, an individual female employed by Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's physician completed the form, and therefore denies that allegation. Defendant denies any remaining allegations in Paragraph 46 of the Complaint.

47.     Defendant admits that Defendant allowed Plaintiff her requested one to two additional days off each week and required that Plaintiff use FMLA intermittent leave benefits for those days off.  Defendant denies any remaining allegations in Paragraph 47 of the Complaint.

48.     Defendant admits that after January 6, 2023, Plaintiff exercised her leave benefits. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 of the Complaint, and therefore denies those allegations.

49.     Admitted.

50.     Denied.

51.     Defendant admits that Plaintiff received a pay raise as part of her annual evaluation, and another raise on May 27, 2023 when Defendant increased the pay scale for Plaintiff's position. Defendant denies the remaining allegations in Paragraph 51 of the Complaint.

52.     Denied.

53.     Defendant admits that Lauren Romero, an individual female employed by Defendant as a Pharmacy Supervisor, began to supervise Plaintiff in or around April 2023.

54.     Defendant admits that Lauren Romero supervised Plaintiff. The remaining allegations in Paragraph 54 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

55.     Defendant denies that it had any hostility toward Plaintiff, whether on account of pregnancy and medical conditions or otherwise.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Complaint, and therefore denies those allegations.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and therefore denies those allegations.

57.     Defendant admits that Plaintiff requested accommodations.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Complaint, and therefore denies those allegations.

58.     Defendant admits that Plaintiff requested that the length of her shifts be limited to eight hours rather than twelve hours, and that she work 9:00 a.m.-5:00 p.m. shifts.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding why Plaintiff made these requests, and therefore denies those allegations.  Defendant denies the remaining allegations in Paragraph 58 of the Complaint.

59.     Defendant admits only that Plaintiff submitted a medical certification form. Defendant denies the remaining allegations.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Defendant admits that Plaintiff spoke with Galvez via telephone.  Defendant denies the remaining allegations in Paragraph 70 of the Complaint.

71.     Defendant admits that Plaintiff contacted Phelan about her evaluation and pay, that Phelan requested that Plaintiff put together a list of her accomplishments for his review, and that Plaintiff sent the email.  Defendant denies the remaining allegations in Paragraph 71 of the Complaint.

72.     Defendant admits that Plaintiff contacted Maria Delly-Ugarte, an individual female employed by Defendant, about her pay.  Defendant denies the remaining allegations in Paragraph 72 of the Complaint.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Defendant admits that in or around August 2023, Plaintiff sent emails to Defendant's management.  The emails speak for themselves.  To the extent that a further response is required, Defendant denies Plaintiff's characterization of the emails.  Defendant denies any remaining allegations in Paragraph 76 of the Complaint.

77.     Denied.

78.     Defendant admits that on or around August 11, 2023, Plaintiff submitted a Formal Complaint to Defendant.  Defendant denies the remaining allegations in Paragraph 78 of the Complaint.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

**CAUSES OF ACTION**
**COUNT I**
**42 U.S.C. § 2000e-2**
*Title VII Discrimination*

95.    Defendant reasserts and incorporates by reference its responses asserted in Paragraphs 21-94 as if fully set forth here.

96.    The allegations in Paragraph 96 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

97.    The allegations in Paragraph 97 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

98.    The allegations in Paragraph 98 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

99.    Defendant admits that Plaintiff is an individual female.  The remaining allegations in Paragraph 99 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

100.    The allegations in Paragraph 100 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Defendant admits that Plaintiff purports to seek an award of attorney's fees and costs.  However, Defendant denies that Plaintiff is entitled to any such award.

<u>**COUNT II**</u>
**42 U.S.C. § 2000e-3**
*Title VII Retaliation*

109.    Defendant reasserts and incorporates by reference its responses asserted in Paragraphs 21-94 as if fully set forth here.

110.    The allegations in Paragraph 110 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

111.    Defendant admits that Plaintiff is an individual female.  The remaining allegations in Paragraph 111 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Defendant admits that Plaintiff purports to seek an award of attorney's fees and costs.  However, Defendant denies that Plaintiff is entitled to any such award.

**COUNT III**
**42 U.S.C. § 2000gg-1**
*PWFA Discrimination*

122.    Defendant reasserts and incorporates by reference its responses asserted in Paragraphs 21-94 as if fully set forth here.

123.    The allegations in Paragraph 123 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

124.    The allegations in Paragraph 124 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

125.    The allegations in Paragraph 125 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

126.    The allegations in Paragraph 126 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

127.    The allegations in Paragraph 127 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Defendant admits that Plaintiff purports to seek an award of attorney's fees and costs.  However, Defendant denies that Plaintiff is entitled to any such award.

**COUNT IV**
**42 U.S.C. § 2000gg-2(f)**
*PWFA Retaliation*

140.    Defendant reasserts and incorporates by reference its responses asserted in Paragraphs 21-94 as if fully set forth here.

141.    The allegations in Paragraph 141 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

142.    The allegations in Paragraph 142 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Defendant admits that Plaintiff purports to seek an award of attorney's fees and costs.  However, Defendant denies that Plaintiff is entitled to any such award.

### COUNT V
### 42 U.S.C. § 12112
### *ADA Disability Discrimination*

154.    Defendant reasserts and incorporates by reference its responses asserted in Paragraphs 21-94 as if fully set forth here.

155.    The allegations in Paragraph 155 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Defendant admits that Plaintiff purports to seek an award of attorney's fees and costs.  However, Defendant denies that Plaintiff is entitled to any such award.

**COUNT VI**
**42 U.S.C. § 12203**
***ADA Retaliation***

170.    Defendant reasserts and incorporates by reference its responses asserted in Paragraphs 21-94 as if fully set forth here.

171.    The allegations in Paragraph 171 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Defendant admits that Plaintiff purports to seek an award of attorney's fees and costs.  However, Defendant denies that Plaintiff is entitled to any such award.

**COUNT VII**
**29 U.S.C. § 2615**
***FMLA Interference***

186.    Defendant reasserts and incorporates by reference its responses asserted in Paragraphs 21-94 as if fully set forth here.

187.    The allegations in Paragraph 187 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

188.    The allegations in Paragraph 188 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

189.    The allegations in Paragraph 189 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

190.    The allegations in Paragraph 190 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

191.    The allegations in Paragraph 191 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

192.    The allegations in Paragraph 192 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Defendant admits that Plaintiff purports to seek an award of attorney's fees and costs.  However, Defendant denies that Plaintiff is entitled to any such award.

## COUNT VIII
### 29 U.S.C. § 2615
### *FMLA Retaliation*

197.    Defendant reasserts and incorporates by reference its responses asserted in Paragraphs 21-94 as if fully set forth here.

198.    The allegations in Paragraph 198 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

199.    The allegations in Paragraph 199 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

200.    The allegations in Paragraph 200 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

201.    The allegations in Paragraph 201 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

202. The allegations in Paragraph 202 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

203. The allegations in Paragraph 203 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

204. Denied.

205. Denied.

206. Denied.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied.

212. Defendant admits that Plaintiff purports to seek an award of attorney's fees and costs. However, Defendant denies that Plaintiff is entitled to any such award.

<u>**COUNT IX**</u>
**§ 760.10, Fla. Stat.**
*FCRA Discrimination*

213. Defendant reasserts and incorporates by reference its responses asserted in Paragraphs 21-94 as if fully set forth here.

214. The allegations in Paragraph 214 of the Complaint constitute legal conclusions to which no response is required. In addition, the statute that Plaintiff cites speaks for itself.

215.     The allegations in Paragraph 215 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

216.     The allegations in Paragraph 216 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

217.     Denied.

218.     Denied.

219.     Denied.

220.     Denied.

221.     Denied.

222.     Denied.

223.     Denied.

224.     Denied

225.     Defendant admits that Plaintiff purports to seek an award of attorney's fees and costs. However, Defendant denies that Plaintiff is entitled to any such award.

### COUNT X
### § 760.10, Fla. Stat.
### *FCRA Retaliation*

226.     Defendant reasserts and incorporates by reference its responses asserted in Paragraphs 21-94 as if fully set forth here.

227.     The allegations in Paragraph 227 of the Complaint constitute legal conclusions to which no response is required. In addition, the statute that Plaintiff cites speaks for itself.

228.    The allegations in Paragraph 228 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied

239.    Defendant admits that Plaintiff purports to seek an award of attorney's fees and costs.  However, Defendant denies that Plaintiff is entitled to any such award.

<u>**COUNT XI**</u>
**§ 11A-26(1), Code of Miami-Dade County**
***MDHRO Discrimination***

240.    Defendant reasserts and incorporates by reference its responses asserted in Paragraphs 21-94 as if fully set forth here.

241.    The allegations in Paragraph 241 of the Complaint constitute legal conclusions to which no response is required.  In addition, the statute that Plaintiff cites speaks for itself.

242.    The allegations in Paragraph 242 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

243.    The allegations in Paragraph 243 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Defendant admits that Plaintiff purports to seek an award of attorney's fees and costs. However, Defendant denies that Plaintiff is entitled to any such award.

<u>COUNT XII</u>
**§ 11A-26(4), Code of Miami-Dade County**
*MDHRO Retaliation*

253.    Defendant reasserts and incorporates by reference its responses asserted in Paragraphs 21-94 as if fully set forth here.

254.    The allegations in Paragraph 254 of the Complaint constitute legal conclusions to which no response is required. In addition, the statute that Plaintiff cites speaks for itself.

255.    The allegations in Paragraph 255 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

256.    Denied.

257.    Denied.

258.    Denied.

259.    Denied.

260.    Denied.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

266.    Defendant admits that Plaintiff purports to seek an award of attorney's fees and costs. However, Defendant denies that Plaintiff is entitled to any such award.

## JURY DEMAND

Defendant admits that Plaintiff purports to request a jury trial on all issues to be tried, but denies that any issues should be tried.

## PRAYER FOR RELIEF

To the extent the unnumbered "WHEREFORE" clause requires a response, Defendant denies that Plaintiff is entitled to any of the relief requested, and further denies that Plaintiff is entitled to any relief whatsoever from Defendant.

## **GENERAL DENIAL**

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted herein.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1.      Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      All employment decisions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory, and nonretaliatory reasons that were in no way related to any statutory rights or protection invoked by Plaintiff.

3.      Defendant denies that any impermissible factor had any role in the employment decisions relating to Plaintiff.  Alternatively, even if some impermissible motive were a factor in any of those decisions, which Defendant denies, the same decisions would have been reached for legitimate business reasons.

4.      All actions taken by Defendant with regard to Plaintiff's employment were for good cause.

5.      Defendant engaged in good-faith efforts to comply with applicable law.  Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of applicable law.

6.      Defendant has in place strong, well-distributed policies against discrimination, and has otherwise exercised reasonable care to prevent and correct promptly any such behavior. Plaintiff, however, unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise.  Thus, Defendant cannot be held liable for Plaintiff's claims, or for damages.

7.      If any improper, illegal, discriminatory, interfering, or retaliatory act was taken by any of Defendant's employees against Plaintiff, which Defendant denies, it was outside the course and scope of that employee's employment, was contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant.  Thus, any such actions cannot be attributed or imputed to Defendant.

8.      If there were any improper, illegal, discriminatory, interfering, or retaliatory actions by any of Defendant's employees, which Defendant denies, they were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant, and thus cannot be attributed or imputed to Defendant.

9.      Defendant did not have actual or constructive knowledge of, and neither knew nor should have known of, any of the alleged discriminatory, interfering, or retaliatory acts alleged in Plaintiff's Complaint at any time material to Plaintiff's Complaint.

10.      Defendant is not liable for punitive damages because neither Defendant nor any of its employees sufficiently high in its corporate hierarchy committed any act with malice or reckless indifference to Plaintiff's protected rights, or approved, authorized, or ratified, or had knowledge of, any such acts.

11.      An award of punitive damages under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's constitutional due process and other rights.

12.      Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

13.     Plaintiff's claims may be barred, in whole or in part, to the extent that Plaintiff failed to timely and/or properly exhaust all administrative remedies and/or satisfy some or all conditions precedent required to bring her claims.

14.     Plaintiff's claims must be dismissed as to each and every allegation made or sought to be made herein of a purported unlawful employment practice that was not presented in a timely charge of discrimination, or that was not made to the Equal Employment Opportunity Commission ("EEOC"), Florida Commission on Human Relations ("FCHR"), or Miami-Dade County Commission on Human Rights within the applicable time period after the alleged unlawful employment practice occurred, as such averments would be barred.

15.     Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of estoppel, waiver, release, unclean hands, and/or laches.

16.     Plaintiff's claims may be barred or limited by the doctrines of recoupment, offset, and/or setoff.

17.     Plaintiff's claims may be barred in whole or in part by the doctrines of res judicata or collateral estoppel.

18.     Plaintiff's claims fail to the extent that, during her employment, she was not disabled within the meaning of the ADA, FCRA, or MDHRO.

19.     Plaintiff's claims fail to the extent that she was not a "qualified individual" under the PWFA, ADA, FCRA, or MDHRO because she could not, with or without reasonable accommodation, perform the essential functions of the position, or because she rejected a reasonable accommodation that was necessary to enable her to perform an essential function of the position.

20.     There was no reasonable accommodation for Plaintiff's alleged disabilities or pregnancies or related medical conditions, or Plaintiff failed to identify or demand a reasonable accommodation.

21.     To the extent there was a reasonable accommodation for Plaintiff's alleged disabilities or pregnancies or related medical conditions, Defendant provided Plaintiff with the reasonable accommodation.

22.     Providing Plaintiff with her requested accommodations would have imposed an undue hardship on Defendant.

23.     Plaintiff's ADA and parallel FCRA and MDHRO claims fail to the extent that her alleged disability or disabilities would pose a direct threat to the health or safety of other individuals in the workplace.

24.     Defendant did not subject Plaintiff to discrimination based on sex, pregnancy or related medical conditions, disability, or any other protected characteristics.

25.     Plaintiff's PWFA claims fail because the PWFA is unconstitutional.

26.     Plaintiff's PWFA claims fail because the PWFA does not apply retroactively.

27.     Plaintiff's FMLA claims fail to the extent that they are based on leave that Plaintiff sought after she had exhausted her FMLA leave entitlement or for which Plaintiff was otherwise ineligible under the FMLA.

28.     Plaintiff's FMLA claims fail to the extent that they are based on leave for which Plaintiff did not provide notice or, alternatively, did not provide sufficient notice.

29.     Plaintiff's FMLA claims fail to the extent that they are based on leave for which Plaintiff provided notice of which any decisionmaker was unaware.

30.     Plaintiff's FMLA claims fail to the extent that she did not comply with Defendant's FMLA policy, including its notice and procedural requirements for requesting FMLA leave.

31.     Plaintiff did not engage in protected activity.

32.     Defendant did not retaliate against Plaintiff.

33.     All actions taken by Defendant with regard to Plaintiff's employment were justified by business necessity.

34.     No act of Defendant either proximately caused or contributed to any injuries or damages alleged by Plaintiff.

35.     Any injury caused to Plaintiff was due in whole or in part to Plaintiff's own actions or inaction, and/or the negligence or acts of third parties.

36.     If Plaintiff suffered damages, which Defendant denies, they are limited by the applicable laws under which her claims are brought.

37.     Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize her damages.

38.     Plaintiff's requests for back pay and font pay must be denied to the extent Plaintiff has been unable to work due to her alleged disabilities.

39.     Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

40.     Plaintiff fails to allege facts sufficient to support an award of liquidated damages.

41.     Plaintiff may not recover both prejudgment interest and liquidated damages.

42.     Plaintiff's damages may be barred, in whole or in part, by the doctrine of after-acquired evidence.

Defendant reserves the right to add additional defenses and affirmative defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and attorneys' fees incurred in this action, and award Defendant any other relief that this Court deems just and proper.

Dated this 19th day of August, 2024.        Respectfully submitted,

*/s/ Jennifer Bullock*
Jennifer Bullock
   Florida Bar No. 0866881
   Email:  jennifer.bullock@morganlewis.com
Joseph D. Magrisso
   Florida Bar No. 105352
   Email:  joseph.magrisso@morganlewis.com
Morgan, Lewis & Bockius LLP
600 Brickell Avenue, Suite 1600
Miami, FL  33131-3075
Telephone:  305.415.3000
eFacsimile:  305.415.3001

*Counsel for Defendant*

DB1/ 149908008.9