UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TIFFANY HARLEY,

      Plaintiff,

v.                                                    CASE NO. 1:24-cv-22536-JEM

PUBLIX SUPER MARKETS, INC.,

      Defendant.

_____/

**JOINT CONFERRAL REPORT**

Under S.D. Fla. L.R. 16.1(b)(2) and the Court's Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge, ECF No. 7, Plaintiff Tiffany Harley and Defendant Publix Super Markets, Inc. jointly submit this Conferral Report.

**I.**      **The likelihood of settlement**

At this stage, the Parties are unable to determine whether there is a likelihood of settlement. However, the Parties will explore in good faith any possibility of resolving this case throughout the course of the litigation.

**II.**      **The likelihood of appearance in the action of additional parties**

At this time, the Parties do not anticipate the appearance of additional parties.

**III.**      **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment**

Motions for summary judgment or partial summary judgment will be filed by May 5, 2025.

**IV.**      **The necessity or desirability of amendments to the pleadings**

At this time, the Parties do not anticipate amendments to the pleadings.

| | |
|---|---|
| **V.** | **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence** |

Unknown at this time.

| | |
|---|---|
| **VI.** | **Suggestions for the avoidance of unnecessary proof and of cumulative evidence** |

At this time, the Parties do not have suggestions for the avoidance of unnecessary proof or cumulative evidence, but shall confer about this issue following the applicable discovery cut-off date and before calendar call.

| | |
|---|---|
| **VII.** | **Suggestions on the advisability of referring matters to a Magistrate Judge or master** |

None at this time.

| | |
|---|---|
| **VIII.** | **A preliminary estimate of the time required for trial** |

The Parties anticipate that trial will require five days.

| | |
|---|---|
| **IX.** | **Requested date or dates for conferences before trial, a final pretrial conference, and trial** |

      A.    Conference before trial: None at this time.

      B.    Final pretrial conference: None at this time.

      C.    Trial date: Trial is scheduled to commence during the two-week period beginning Monday, August 11, 2025, at 9:30 a.m.

| | |
|---|---|
| **X.** | **Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert those claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist** |

The Parties agree that ESI shall be produced to the requesting party in a commercially reasonable manner, including the relevant metadata (e.g., creation date, modification date, authorship), unless otherwise agreed. If a party requests documents that are stored in a readily

accessible electronic format, the producing party may provide the requesting party copies of the documents in .pdf format with bates numbering, provided that such format retains all metadata from the native format. If the receiving party determines in good faith that production of a document in a .pdf format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it. The parties agree to produce pictures and videos in their original digital format, to the extent technically feasible. To the extent electronically stored information is not readily accessible, the parties agree to follow the guidelines provided in Rule 26(b)(2)(B). The parties will collaborate to establish search terms and identify custodians for email searches.

XI. **Whether the trial will be jury or non-jury**

This will be a jury trial.

XII. **An outline of the legal elements of each claim and defense raised by the pleadings**

    A. Plaintiff's Submission

        1. Plaintiff anticipates that her claims outlined below will follow the elements established in the Eleventh Circuit Pattern Jury Instructions for each respective claim:

Count I – Title VII Discrimination (Sex Pregnancy)

Count II - Title VII Retaliation

Count III - PWFA Discrimination

Count IV - PWFA Retaliation

Count V - ADA Disability Discrimination

Count VI - ADA Retaliation

Count VII - FMLA Interference

Count VIII - FMLA Retaliation

     Count IX - FCRA Discrimination

     Count X - FCRA Retaliation

     Count XI - MDHRO Discrimination

     Count XII - MDHRO Retaliation

B.  Defendant's Submission

  1. Whether all employment decisions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory, and non-retaliatory reasons that were in no way related to any statutory rights or protection invoked by Plaintiff.

  2. Whether any impermissible factor had any role in the employment decisions relating to Plaintiff, which Defendant denies. Alternatively, if some impermissible motive were a factor in any of those decisions, whether Defendant has shown by a preponderance of the evidence that it would have reached the same decisions for legitimate business reasons.

  3. Whether all actions taken by Defendant with regard to Plaintiff's employment were for good cause.

  4. Whether Defendant engaged in good-faith efforts to comply with applicable law. Moreover, whether the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of applicable law.

  5. Whether (i) Defendant exercised reasonable care to prevent and promptly correct any harassing behavior because of protected characteristics in the workplace; and (ii) Plaintiff unreasonably failed to take advantage of

preventive or corrective opportunities Defendant provided to avoid or correct the harm.

6. Whether Defendant (i) created an explicit policy against harassment because of protected characteristics in the workplace; (ii) communicated the policy to its employees; and (iii) the policy provided a reasonable process for Plaintiff to complain to higher management.

7. If any improper, illegal, discriminatory, or retaliatory act was taken by any of Defendant's employees against Plaintiff, which is denied, whether it was outside the course and scope of that employee's employment, was contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant, and thus cannot be attributed or imputed to Defendant.

8. If there were any improper, illegal, discriminatory, or retaliatory actions by any of Defendant's employees, which Defendant denies, whether they were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant, and thus cannot be attributed or imputed to Defendant.

9. Whether Defendant had actual or constructive knowledge of, and either knew or should have known of, any of the alleged discriminatory, harassing, or retaliatory acts alleged in Plaintiff's Complaint at any time material to Plaintiff's Complaint.

10. Whether Plaintiff, by a preponderance of the evidence, showed that an employee of Defendant, acting in a managerial capacity, acted either with malice or with reckless indifference to Plaintiff's federally protected rights.

    a.    To show that Defendant acted with malice, Plaintiff must show that an employee acting in a managerial capacity knew that federal law prohibits discrimination and retaliation, and discriminated or retaliated against Plaintiff anyway.

    b.    To show that Defendant acted with reckless indifference of Plaintiff's federally protected rights, Plaintiff must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law.

11. Whether an award of punitive damages under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's constitutional due process and other rights.

12. Whether Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

13. Whether Plaintiff failed to timely and/or properly exhaust all administrative remedies and/or satisfy some or all conditions precedent required to bring her claims.

14. Whether Plaintiff's claims must be dismissed as to each and every allegation made or sought to be made herein of a purported unlawful employment practice that was not presented in a timely charge of discrimination, or that was not made to the Equal Employment Opportunity Commission, Florida Commission on Human Relations, or Miami-Dade County Commission on Human Rights within the applicable time period after the alleged unlawful employment practice occurred, as such averments would be barred.

15. Whether Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, release, unclean hands, and/or laches.

16. Whether Plaintiff's claims are barred or limited by the doctrines of recoupment, offset, and/or setoff.

17. Whether Plaintiff's claims are barred in whole or in part by the doctrines of res judicata or collateral estoppel.

18. Whether, during her employment, Plaintiff was disabled within the meaning of the Americans with Disabilities Act ("ADA"), Florida Civil Rights Act ("FCRA"), or Miami-Dade Human Rights Ordinance ("MDHRO").

19. Whether Plaintiff was not a "qualified individual" under the Pregnant Workers Fairness Act ("PWFA"), ADA, FCRA, or MDHRO because she could not, with or without reasonable accommodation, perform the essential functions of the position, or because she rejected a reasonable accommodation that was necessary to enable her to perform an essential function of the position.

20. Whether there was a reasonable accommodation for Plaintiff's alleged disabilities or pregnancies or related medical conditions, or whether Plaintiff failed to identify or demand a reasonable accommodation.

21. To the extent there was a reasonable accommodation for Plaintiff's alleged disabilities or pregnancies or related medical conditions, whether Defendant provided Plaintiff with the reasonable accommodation.

22. Whether providing Plaintiff with her requested accommodations would have imposed an undue hardship on Defendant.

23. Whether Plaintiff's alleged disability or disabilities would pose a direct threat to the health or safety of other individuals in the workplace.

24. Whether Defendant subjected Plaintiff to discrimination based on sex, pregnancy or related medical conditions, or disability.

25. Whether the PWFA is unconstitutional.

26. Whether the PWFA applies retroactively.

27. Whether Plaintiff's Family and Medical Leave Act ("FMLA") claims are based on leave that Plaintiff sought after she had exhausted her FMLA leave entitlement or for which Plaintiff was otherwise ineligible under the FMLA.

28. Whether Plaintiff's FMLA claims are based on leave for which Plaintiff did not provide notice or, alternatively, did not provide sufficient notice.

29. Whether Plaintiff's FMLA claims are based on leave for which Plaintiff provided notice of which any decisionmaker was unaware.

30. Whether Plaintiff failed to comply with Defendant's FMLA policy, including its notice and procedural requirements for requesting FMLA leave.

31. Whether Plaintiff engaged in protected activity.

32. Whether Defendant retaliated against Plaintiff.

33. Whether Defendant has proved its employment practice or decision-making process is job-related and consistent with business necessity

34. Whether any act of Defendant either proximately caused or contributed to any injuries or damages alleged by Plaintiff.

35. Whether any injury caused to Plaintiff was due in whole or in part to Plaintiff's own actions or inaction, and/or the negligence or acts of third parties.

36. Whether, if Plaintiff suffered damages, which Defendant denies, they are limited by the applicable laws under which her claims are brought.

37. Whether Defendant proved, by a preponderance of the evidence, that (i) work comparable to the position Plaintiff held with Defendant was available; and (ii) Plaintiff did not make reasonably diligent efforts to obtain it.

38. Whether Plaintiff has been unable to work due to her alleged disabilities.

39. Whether any emotional distress suffered or claimed to have been suffered by Plaintiff was unreasonable or unjustified under the circumstances.

40. Whether Defendant proved to the satisfaction of the Court that any act or omission in violation of the FMLA was in good faith and that Defendant had reasonable grounds for believing that the act or omission was not a violation of the FMLA, such that an award of liquidated damages is not supported.

41. Whether Plaintiff may recover both prejudgment interest and liquidated damages.

42. Whether Plaintiff's damages are barred, in whole or in part, by the doctrine of after-acquired evidence.

### XIII. A good-faith estimate of the specific dollar valuation of actual damages and other relief at issue

A. Plaintiff's preliminary damages estimates are as follows:

1. Lost Wages: Plaintiff is seeking lost wages and is still in the process of calculating the relevant amounts. However, given that Plaintiff was earning roughly $144,000 per year at the time of her termination, she estimates her lost wages to be in the amount of $200,000-$300,000 at this time. Plaintiff is also seeking front pay, which can be estimated in the amount of $288,000, based on a 2-year award.

2. Other Damages: Plaintiff is also seeking damages in the form of emotional distress damages and punitive damages, which will be based on the facts as they are determined through discovery and ultimately determined by a jury. Plaintiff will also seek attorney's fees and costs as a prevailing party.

B. Defendant maintains that it has strong liability defenses and that Plaintiff will be unable to satisfy her burdens of proof. Therefore, Defendant believes that the valuation of actual damages and other relief at issue is $0.00. Even if liability were to be established, at this time, Defendant is without knowledge or information sufficient to estimate the specific dollar valuation of actual damages and other relief at issue, particularly because Defendant does not know the amount of Plaintiff's interim earnings.

XIV. **The need for variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance**

None at this time.

Respectfully submitted on September 24, 2024.

| | |
|---|---|
| By: */s/ Kyle T. MacDonald* <br> Kyle T. MacDonald, Esq. <br> Florida Bar No. 1038749 <br> Derek Smith Law Group, PLLC <br> 520 Brickell Key Drive, Suite O-301 <br> Miami, FL 33131 <br> Tel: (305) 946-1884 <br> Kyle@dereksmithlaw.com <br><br> *Counsel for Plaintiff* | By: */s/ Joseph D. Magrisso* <br> Jennifer Bullock <br>  Florida Bar No. 0866881 <br>  Email: jennifer.bullock@morganlewis.com <br> Joseph D. Magrisso <br>  Florida Bar No. 105352 <br>  Email: joseph.magrisso@morganlewis.com <br> Morgan, Lewis & Bockius LLP <br> 600 Brickell Avenue, Suite 1600 <br> Miami, FL  33131-3075 <br> Telephone:  (305) 415-3000 <br> eFacsimile:  (305) 415-3001 <br><br> *Counsel for Defendant* |