UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TIFFANY HARLEY,

        Plaintiff,

v.                                                      CASE NO. 1:24-cv-22536-JEM

PUBLIX SUPER MARKETS, INC.,

        Defendant.
_____/

**JOINT MOTION TO MODIFY SCHEDULING ORDER
AND INCORPORATED MEMORANDUM OF LAW**

Under Federal Rule of Civil Procedure 16(b)(4), Plaintiff Tiffany Harley and Defendant Publix Super Markets, Inc. submit this motion to modify the Court's Order Setting Civil Trial Date and Pretrial Schedule, ECF No. 7 ("Scheduling Order"), by extending the deadlines and dates set forth therein (except the deadlines to select a mediator and complete mediation) by 90 days. In support of this Motion, the parties state as follows.

1. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Scheduling Order provides, "This schedule shall not be modified absent compelling circumstances. All motions for enlargement of time of any deadlines set forth below must include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable." ECF No. 7 at 4-5.

2. The parties respectfully submit that compelling circumstances warrant modifying the Scheduling Order, for the following reasons.

3. This action has necessitated more discovery than typical single-plaintiff employment actions. Plaintiff asserts the following claims: (1) sex discrimination under Title VII

of the Civil Rights Act of 1964 ("Title VII"); (2) retaliation under Title VII; (3) discrimination under the Pregnant Workers Fairness Act ("PWFA"); (4) retaliation under the PWFA; (5) discrimination under the Americans with Disabilities Act ("ADA"); (6) retaliation under the ADA; (7) interference under the Family and Medical Leave Act ("FMLA"); (8) retaliation under the FMLA; (9) sex and disability discrimination under the Florida Civil Rights Act ("FCRA"); (10) sex and disability retaliation under the FCRA; (11) sex and disability discrimination under the Miami-Dade County Human Rights Ordinance ("MDHRO"); and (12) sex and disability retaliation claims under the MDHRO.  In their discovery, the parties have identified eighteen witnesses.  Additionally, Plaintiff has stated that she seeks nearly $7.9 million in damages.

4. The parties are diligently conducting discovery, and have completed a considerable amount of discovery.  Each party has served a first set of interrogatories and first request for production of documents on the other party.  Each party has served responses to the interrogatories and the requests for production.  Furthermore, each party has served a document production.  Plaintiff served a document production totaling 605 pages.  Defendant has produced 675 documents, and will complete its production with an additional 106 documents once the parties finalize a confidentiality stipulation about which they are conferring.  Defendant estimates that, once complete, its document production will total approximately 4,000 pages.  Defendant has also served a privilege log.

5. But considerable discovery remains to be completed, and the parties therefore believe that they will need the current April 3, 2025 deadline to be extended by 90 days, through July 2, 2025, to complete discovery.  The parties are conferring about supplementation of each side's discovery responses and document production.  Defendant has agreed to serve supplemental responses to Plaintiff's interrogatories and requests for production.  Conferral regarding Plaintiff's

2

discovery responses and document production is not yet complete. Defendant has served on Plaintiff a second request for production, and also may serve non-party subpoenas. Furthermore, the parties are attempting to schedule depositions, but have been unable to align on suitable dates that would fall within the current discovery deadline.

6. Compounding the difficulties in completing discovery by the current deadline, Defendant's counsel Joseph Magrisso will be out of state and unavailable from March 22 to 28, 2025, due to another work-related commitment.

7. Compelling circumstances also warrant 90-day extensions of the deadlines to exchange expert witness summaries and reports (from January 13, 2025 to April 14, 2025) and to exchange rebuttal expert witness summaries and reports (from February 12, 2025 to May 13, 2025). By means of example, Plaintiff's discovery responses indicate that expert witnesses might be needed for the purpose of fully assessing Plaintiff's damages. Therefore, additional time will be needed to identify appropriate experts and conduct expert discovery, which is further reason to extend the discovery deadline.

8. Furthermore, the requested extension of the discovery deadline through July 2, 2025 would require concomitant extensions of the motion and pretrial deadlines that follow the discovery deadline, and also would affect the current calendar call and trial dates. Thus, the case schedule would change as follows:

| Event | Current Schedule | Parties' Proposal |
| --- | --- | --- |
| Exchange of expert witness summaries and reports | January 13, 2025 | April 14, 2025 |
| Exchange of rebuttal expert witness summaries and reports | February 12, 2025 | May 13, 2025 |
| Completion of all discovery | April 3, 2025 | July 2, 2025 |

| Event | Current Schedule | Parties' Proposal |
|---|---|---|
| *Daubert* motions, summary judgment motions, and other dispositive motions | May 5, 2025 | August 4, 2025 |
| Pretrial motions and memoranda of law | June 27, 2025 | September 25, 2025 |
| Joint pretrial stipulation | July 14, 2025 | October 12, 2025 |
| Proposed jury instructions and/or proposed findings of fact and conclusions of law | August 4, 2025 | November 3, 2025 |
| Proposed *voir dire* questions | August 6, 2025 | November 4, 2025 |
| Calendar call | August 7, 2025, 1:30 p.m. | Date and time to be determined by the Court |
| Trial | Two-week period beginning August 11, 2025, 9:30 a.m. | Date and time to be determined by the Court |

9.  The parties do not believe at this time that it would be necessary to modify the April 14, 2025 deadline to select a mediator, or the June 12, 2025 deadline to complete mediation. The parties have started discussing mediator selection, and will work to schedule the mediation within the current deadline.

10. The parties believe that extending the discovery, expert witness, and motion and pretrial deadlines mentioned above by 90 days would facilitate the parties' settlement discussions by giving the parties sufficient time to fully discover the facts that the parties would need to reach informed decisions regarding settlement.

11. The granting of this Motion will not prejudice any party.

12. The parties seek the requested modification of the Scheduling Order in good faith and not for delay or any other improper purpose.

Accordingly, based upon the above compelling circumstances, the parties respectfully request that the Court modify the Scheduling Order by extending the deadlines and dates set forth therein (except the deadlines to select a mediator and complete mediation) by 90 days.

Respectfully submitted on February 26, 2025.

| | |
|---|---|
| By: */s/ Kyle T. MacDonald* <br> Kyle T. MacDonald, Esq. <br> Florida Bar No. 1038749 <br> Derek Smith Law Group, PLLC <br> 520 Brickell Key Drive, Suite O-301 <br> Miami, FL 33131 <br> Tel: (305) 946-1884 <br> Kyle@dereksmithlaw.com <br><br> *Counsel for Plaintiff* | By: */s/ Jennifer Bullock* <br> Jennifer Bullock <br>   Florida Bar No. 0866881 <br>   Email: jennifer.bullock@morganlewis.com <br> Joseph D. Magrisso <br>   Florida Bar No. 105352 <br>   Email: joseph.magrisso@morganlewis.com <br> Morgan, Lewis & Bockius LLP <br> 600 Brickell Avenue, Suite 1600 <br> Miami, FL  33131-3075 <br> Telephone:  (305) 415-3000 <br> eFacsimile:  (305) 415-3001 <br><br> *Counsel for Defendant* |