**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

TIFFANY HARLEY,

        Plaintiff,

v.                                                                                         CASE NO. 1:24-cv-22536-JEM

PUBLIX SUPER MARKETS, INC.,

        Defendant.

_____/

**CONFIDENTIALITY STIPULATION**

    The parties in the above-captioned matter, Plaintiff Tiffany Harley and Defendant Publix Super Markets, Inc., hereby agree that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests:

    1.    Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Stipulation any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, or sales information, or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) that the producing party otherwise believes in good faith to be entitled to Confidential designation.  Any party to this litigation or any third party covered by this Stipulation who produces or discloses any Confidential material, including, without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY STIPULATION" (hereinafter "Confidential").

2. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed by written agreement of counsel for the parties.

3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties.

   b. Outside experts or consultants retained by a party for purposes of this action, provided they have signed a nondisclosure agreement in the form attached hereto as Exhibit A.

   c. Secretarial, paralegal, clerical, duplicating, and data processing personnel of counsel for the parties or of outside experts or consultants retained by a party for purposes of this action.

   d. The Court and Court personnel.

   e. Any deponent may be shown or examined on any information, document, or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document, or thing; or if the deponent signs a nondisclosure agreement in the form attached hereto as Exhibit A; or if the producing party consents to such disclosure.

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to, court reporters, litigation support personnel, jury consultants, and individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

   g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives or other employees who are required to participate in decisions with reference to this lawsuit.

4. Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein shall not be disclosed in any manner to any other individual, until and unless (a) the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. During these thirty (30) days (or other period, as agreed by the parties), no such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in their custody or control to be appropriately marked, and limit disclosure of that transcript in accordance with Paragraphs 2-4.

6. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all such items, the following procedure shall apply:

    a. Within ten (10) days, counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

  b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the designating party may file a motion for a protective order regarding the challenged designation within ten (10) days of the good-faith conferral between the parties. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

  c. As part of their obligation to confer in good faith in an effort to resolve the dispute, the parties shall confer in good faith about redacting information that the designating party contends is Confidential, to avoid a need for the designating party to file a motion for protective order.

  7. The parties shall undertake reasonable efforts to file Confidential material under seal. However, a document (including a deposition transcript or a deposition exhibit) that has been designated Confidential need not be filed under seal if the Confidential information in the document is redacted before the document is filed; if the filing will consist solely of non-Confidential excerpts from the document; or if the producing party consents to the filing of the document. All requests to seal documents filed with the Court shall comply with Southern District of Florida Local Rule 5.4.

  8. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court. The parties agree that, to the extent necessary, the time periods set forth herein for challenging the designation of any Confidential material, may be modified by mutual agreement in order to comply with any deadlines established by the Court, the Federal Rules of Civil Procedure, or the Southern District of Florida Local Rules.

  9. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific

information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing, within a reasonable time after disclosure, counsel for all parties to whom the material was disclosed that the material should have been designated Confidential.  Such notice shall constitute a designation of the information, document, or thing as Confidential under this Stipulation.

10. When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege, if appropriate, within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

11. No information that is in the public domain or that is already known by the receiving party through proper means or that is or becomes available to a party from a source (rightfully in possession of such information on a non-confidential basis) other than the party asserting confidentiality shall be deemed or considered to be Confidential material under this Stipulation.

12. This Stipulation shall not deprive any party of its right to object to discovery by any other party or on any otherwise-permitted ground.  This Stipulation is being made without

prejudice to the right of any party to move the Court for modification of or relief from any of its terms.

13.     This Stipulation shall survive the termination of this action and shall remain in full force and effect unless modified by a written stipulation of the parties filed with the Court.

14.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source, or to destroy, all originals and unmarked copies of documents and things containing Confidential material, and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute work product as well as excerpts, summaries, and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all documents for archival purposes, subject to the provisions of this Stipulation. No party shall be obligated to assemble and return any electronically stored documents or information within its possession. To the extent a party requests the return of Confidential material from the Court after the conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

15.     The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or to apply to the Court for modification of this Stipulation.  This Stipulation may be enforced by either party.

**STIPULATED, AGREED, AND CONSENTED TO ON THIS 7TH DAY OF MARCH, 2025, BY:**

By: */s/ Kyle T. MacDonald*  
**Counsel for Plaintiff**

Kyle T. MacDonald, Esq.  
Florida Bar No. 1038749  
Derek Smith Law Group, PLLC  
520 Brickell Key Drive, Suite O-301  
Miami, FL 33131  
Tel: (305) 946-1884  
Kyle@dereksmithlaw.com

By: */s/ Joseph D. Magrisso*  
**Counsel for Defendant**

Jennifer Bullock  
  Florida Bar No. 866881  
  Email: jennifer.bullock@morganlewis.com  
Joseph D. Magrisso  
  Florida Bar No. 105352  
  Email: joseph.magrisso@morganlewis.com  
Morgan, Lewis & Bockius LLP  
600 Brickell Avenue, Suite 1600  
Miami, FL 33131-3075  
Telephone: 305.415.3000  
eFacsimile: 305.415.3001

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

TIFFANY HARLEY,

   Plaintiff,

v.                CASE NO. 1:24-cv-22536-JEM

PUBLIX SUPER MARKETS, INC.,

   Defendant.
_____/

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY STIPULATION**

I, _____, state that:

  1. My address is _____.

  2. My present employer is _____ and the address of my present employment is _____.

  3. My present occupation or job description is _____.

  4. I have carefully read and I understand the provisions of the Confidentiality Stipulation in this case, and I will comply with all provisions of the Confidentiality Stipulation.

  5. I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Stipulation any Confidential material or any words, summaries, abstracts, or indices of Confidential information disclosed to me.

  6. I will use Confidential material disclosed to me solely for purposes of this action.

  7. No later than the conclusion of the case, I will return all physical copies of Confidential material and summaries, abstracts, and indices thereof that come into my possession,

to counsel for the party for whom I was employed or retained or to counsel who noticed my deposition or subpoenaed me to appear for deposition; and I will destroy any documents or things that I have prepared that contain, or reflect the content of, Confidential material.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Printed Name: _____

Date: _____